UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

NEW YORK STATE VEGETABLE
GROWERS ASSOCIATION, INC., and
NORTHEAST DAIRY PRODUCERS
ASSOCIATION, INC.,

        Plaintiffs,

   v.

GOVERNOR ANDREW CUOMO, in his
official capacity as Governor of New York;
LETITIA JAMES, in her official capacity
as Attorney General of New York; and
ROBERTA READON, in her official
capacity as Commissioner of the New
York Department of Labor,

        Defendants.

19-CV-1720
ORDER WITH RESPECT TO
THE PLAINTIFFS' MOTION
FOR A TEMPRORARY
RESTRAINING ORDER

---

On December 30, 2019, the plaintiffs, the New York State Vegetable Growers Association, Inc., and the Northeast Dairy Producers Association, Inc., filed a complaint in this Court alleging that the Farm Laborers Fair Labor Practices Act, 2019 N.Y. Sess. Laws ch. 105 ("the Act"), violates the Fourteenth Amendment's Due Process Clause and is preempted by the National Labor Relations Act. Docket Item 1. That same day, the plaintiffs also filed an *ex parte* motion for a temporary restraining order and preliminary injunction, Docket Item 2, and this Court heard argument from both sides on that motion, Docket Item 6.

The Court, having considered the plaintiffs' complaint and *ex parte* motion for a temporary restraining order and preliminary injunction, and for the reasons stated on the record, finds and orders as follows:

1. Based on a review of the plaintiffs' papers and only for the purposes of a temporary restraining order, the plaintiffs have adequately demonstrated that they will suffer "irreparable harm" should certain provisions of the Act go into effect on January 1, 2020, as well as a sufficient "likelihood of success" in challenging those provisions. *See Trump v. Deutsche Bank AG*, 943 F.3d 627, 636 (2d Cir. 2019), *cert. granted*, No. 19-760, 2019 WL 6797733 (U.S. Dec. 13, 2019) (quoting *Kelly v. Honeywell International, Inc.*, 933 F.3d 173, 184 (2d Cir. 2019)). They therefore have shown that a narrowly-tailored temporary restraining order, as set forth below, is necessary to preserve the *status quo*. The Court does not otherwise express any view as to the merits of the plaintiffs' claims.

2. Solely to preserve the *status quo* while affording time sufficient for necessary consideration of those merits, the Court grants the plaintiffs' request for a temporary restraining order to the extent, and only the extent, specifically stated in paragraph 3 below. The temporary restraining order shall remain in effect only until a further **hearing** on the plaintiffs' motion and any other matters brought before the Court, to be held on **January 24, 2020 at 8:30 am**. All counsel intending to argue shall be present in person. The defendants' responding papers shall be filed and served no later than January 17, 2020. Any reply papers from the plaintiffs shall be filed and served no later than January 21, 2020.

3. For the duration of the temporary restraining order:

    (a) To the extent the Act requires agricultural employers, as defined in New York Labor Law § 701(2)(b), to treat as farm laborers under New York Labor Law § 701(3)(c) any individual related to the employer to the third degree of consanguinity or

affinity; any foreperson in charge; or any bona fide executive, administrator, professional, or supervisor ("Family and Supervisory Employees"), the defendants are temporarily enjoined from enforcing the Act in such manner.

(b) To the extent the Act or any provision of Labor Law § 195 ("Notice and record-keeping provisions"), Labor Law § 673-a, or a regulation issued pursuant to Labor Law § 674 or any other regulation, prevents an employer that provided Pay Notice and Work Agreement for Farm Workers, Department of Labor Division of Labor Standards, Form LS 309, to Family and Supervisory Employees from changing such employees' pay on seven days' notice pursuant to Labor Law § 195, the defendants are temporarily enjoined from enforcing the foregoing provisions in such manner.

(c) To the extent the Act imposes potential criminal liability for violations of any of the foregoing provisions, the defendants are enjoined from seeking to impose such criminal liability for violations of the foregoing provisions committed during the duration of the temporary restraining order.

4. This temporary restraining order shall continue in effect only until the hearing scheduled in paragraph 2 above or further order of the Court.

5. Should the defendants ultimately prevail in this action, and to the extent compatible with other state and federal laws, Family and Supervisory Employees may seek a retroactive change in the terms of their employment consistent with the Act.

SO ORDERED.

Dated: December 31, 2019
Buffalo, New York

*/s/ Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE